United States District Court
Southern District of Texas
**ENTERED**
July 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ana D Abreu Puentes, et al., | § | |
| *Plaintiffs*, | § | |
| v. | § | Civil Action No. 4:26-cv-03591 |
| U.S. Citizenship and Immigration Services, et al., | § | |
| *Defendants*. | § | |

**MEMORANDUM AND RECOMMENDATION**

On June 23, 2026, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction. Dkt. 17. They assert that Defendants have unlawfully delayed and withheld review of their green card applications and have issued adjustment of status policies that are arbitrary, capricious, and contrary to law. *See* Dkt. 17-1.

Plaintiffs request that the Court (a) enjoin Defendants from imposing the adjustment of status policies—specifically, PM-602-0192, PM-602-0194, and PM- 602-0199—on them, and (b) compel Defendants to adjudicate Plaintiffs' pending applications. *See* Dkt. 17. But TROs and preliminary injunctions serve the limited purpose of preserving the status quo until the merits of a case are resolved. *See Morgan v. Fletcher*, 518 F.2d 236, 239 (5th

Cir. 1975) ("The function of a preliminary injunction is merely to preserve the status quo until the merits of a case can be adjudicated."). Plaintiffs' demand that Defendants adjudicate Plaintiffs' applications that have been awaiting adjudication would *alter* the status quo, not preserve it. Except in limited and inapplicable circumstances, such relief is improper. *See, e.g.*, *Spaghetti Warehouse Rests., Inc. v. Spaghetti Warehouse Dayton, LLC*, 2021 WL 4549269, at *1 (N.D. Tex. Apr. 9, 2021) (denying TRO that "would alter, not maintain, the status quo").

Moreover, enjoining Defendants from imposing their policies and directing them to adjudicate Plaintiffs' applications is doubly improper at this stage because it would give Plaintiffs the ultimate relief sought in this case. *Compare* Dkt. 17, *with* Dkt. 16 at 58-57 (requesting that the Court order Defendants to cease implementing the challenged policies and adjudicate applications). That is "contrary to the basic purpose of a temporary restraining order or preliminary injunction." *Peters v. Davis*, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 28, 2018) (denying preliminary injunction that would give plaintiff "the ultimate relief that he is seeking by this lawsuit"); *see Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 476 (5th Cir.1985) ("A preliminary injunction [] should not grant relief properly awarded only in a final judgment …" (quotation omitted)). As a matter of law,

Plaintiff's motion should be denied even assuming (without deciding) that other requirements for relief have been met.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' motion for a temporary restraining order and preliminary injunction (Dkt. 17) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 7, 2026, at Houston, Texas.

Yvonne Y. Ho

Yvonne Y. Ho
United States Magistrate Judge